The opinion of the Court was delivered by
Poché, J.
The object of this suit is to annul a note of $10,000 and a mortgage to secure the same, executed on January 4, 1867, and to set aside a sale under executory process, in execution thereof, of plaintiff's paraphernal property, on the grounds that the debt represented by the note was not a debt of the wife, but of her husband; that the mortgage was the result of fraudulent collusions between her husband and his creditor, the mortgagee, and that the act of mortgage was not made in conformity with the Judge’s certificate, authorizing plaintiff to borrow $10,000, and to secure t.lie same by mortgage on lier separate property.
Tiie defense was:
1. An exception to the jurisdiction of the court.
‘2. Tlie plea of prescription of one, two and five years.
3. The general issue.
First. The exception to-the jurisdiction of the court, on the ground that the object of the suit was to annul a judgment rendered by a different tribunal, was not well taken. The order of seizure and sale is not a judgment, in the legal sense of the term; it adjudicates no rights not conferred by the act of mortgage, and only authorizes the execution of an act importing a confession of judgment, and, therefore, the action to annul a sale, made under executory process, is not an action in nullity of a judgment. 16 L. 250, Harrod vs. Voorhies; 19 A. 158, Humphreys vs. Brown et al.
*824 Second. As this is not an attempt to annul a judgment, the plea of prescription of one and two years cannot avail the defendants. Nor is-the prescription of five years, under Art. 3542 of the Civil Code, applicable to this case, because prescription was suspended during the marriage, for the reason that the action of the wife would have been prejudicial to her husband. If the debt secured by the wife’s mortgag ■ be decreed not to be her debt, it becomes a debt of the community, or of the husband as the head of the community, and hence, the discharge of the wife from the obligation would throw the burden on him, and thus it is clear, that her action to that end is prejudicial to her husband. C. C. 3525.
An examination of the act of mortgage of January 4,1867, shows that the act does not purport to be made under the authorization of the Judge, to which no reference is made in the whole act, and that the debt secured by the act is not stated to be for a loan made at the time, but the act itself purports to be for a past indebtedness of the wile. The note and the mortgage both show that they were executed by a married woman, and were, therefore, sufficient to put a third person negotiating them on his inquiry. Therefore, Butterfield, the holder, cannot estop plaintiff from alleging and proving that the debt contracted by her did not enure to her separate benefit, but was in reality her husband’s debt, which she was induced, by fraudulent misrepresentations, and under marital influence, to assume and to attempt to secure by the mortgage on her separate property. 5 An. 496, Gualin vs. Matherno; 6 An. 122, McComas vs. Green; 7 An. 145, Pilcher vs. Kerr; 29 An. 124, Conrad vs. LeBlanc.
The inquiry into the real consideration of the note was, therefore, a proper subject of investigation under the circumstances of this case.
The evidence shows, beyond a doubt, that no loan of money was made to plaintiff by Falconer, the mortgagee, at the time of the execution of the mortgage, or at any time previous thereto ; and that the debt represented by the note and mortgage was part of a series of notes amounting together to $40,000, executed by plaintiff several years before, as the purchase price of a lot of goods purported to have been purchased by her from Falconer, the mortgagee.
It further appears from the evidence, that plaintiff was not a public merchant or trader, and not separated in property from her husband, and that, therefore, the debt thus contracted was in truth and in fact a debt of the community, or of the husband.
It follows, therefore, that the mortgage obtained from her on January 4, 1867, was an absolute nullity, as a contract made in direct violation of a prohibitory law, and that the sale of her property, made in execution thereof, is also a nullity.
*825 The judgment of the lower court in favor of defendants is, in our opinion, erroneous, and must be set aside.
It is, therefore, ordered that the judgment appealed from be annulled, avoided and reversed, and it is now ordered, adjudged and decreed that the note and mortgage executed by plaintiff on January 4, 1867, be declared null and void, and that the sale of her property described in her petition, made in execution of said mortgage, be and the same is hereby annulled and set aside, and that the right of plaintiff to recover rents and revenues, and to sue defendant Butterfield for unpaid taxes, be reserved; costs in both Courts to be paid by the defendants.
Rehearing refused.